UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-80167-CR-MARRA/MCCABE
18 U.S.C. § 1951

UNITED STATES OF AMERICA

v.

DELVIN THOMAS,

             Defendant.

_____/

FILED BY ___ AT ___ D.C.

Oct 19, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

## INFORMATION

The United States Attorney charges that:

### BACKGROUND ALLEGATIONS

At all times material to this Information:

1. Defendant **DELVIN THOMAS** (hereinafter referred to as "**THOMAS**") was the chairman of the Riviera Beach Housing Authority (hereinafter referred to as "the RBHA") located in Riviera Beach, Florida.

2. Defendant **THOMAS** was the owner of a company named Sire Development Group, LLC.

3. Defendant **THOMAS** was aware that, as a member of the RBHA, he was prohibited from receiving any compensation as a result of any property purchased by the RBHA.

4. In or about April 2019, the RBHA was looking to purchase a parcel of real estate located in Riviera Beach for future use as low-income rental property (hereinafter referred to as "the Property").

5. In or about April 2019, defendant **THOMAS** introduced a real estate broker

(hereinafter referred to as "the Buyer's Agent") to the person at the RBHA who was responsible for purchasing the Property in order for the Buyer's Agent's company to be hired as the buyer's agent for any future purchase of the Property.

6. On or about April 19, 2019, the RHBA entered into a contract to purchase the Property and the Buyer's Agent's company was listed as the buyer's agent that was to receive a 3% commission from the purchase of the Property.

7. After the contract was entered into to purchase the Property, defendant **THOMAS** contacted the Buyer's Agent and told the Buyer's Agent that he, defendant **THOMAS**, was to receive 50% of the commission paid to the Buyer's Agent's company for the purchase of the Property.

8. In August 2019, at the time of the closing on the purchase of the Property, defendant **THOMAS** reminded the Buyer's Agent that he, defendant **THOMAS**, was to receive 50% of the commissions paid to the Buyer's Agent's company from the purchase of the Property.

9. At the closing on the Property, the Buyer's Agent's company was paid a commission of $18,930.

10. In order to hide the unlawful payment of his 50% share, defendant **THOMAS** contacted a straw party (hereinafter referred to as "the Straw Party") who agreed to deposit two checks issued to the Straw Party's company into the bank account of the Straw Party's company and then issue checks from the Straw Party's company bank account to Sire Development Group, LLC.

11. In or about late August 2019, the Buyer's Agent issued two checks to the Straw Party's company in the amounts of $6,400 and $3,065, which represented 50% of the commission received by the Buyer's Agent's company.

12. The check issued to the Straw Party's company in the amount of $6,400 falsely stated in the memo section of the check that it was for "Company Branding." The check issued to the Straw Party's company in the amount of $3,065 falsely stated in the memo section of the check that it was for "Marketing Services."

13. Shortly after the Straw Party deposited the checks, the Straw Party issued two checks to Sire Development Group, LLC in the amounts of $6,400 and $3,000.

14. The check issued to Sire Development Group, LLC in the amount of $6,400 falsely stated in the memo section of the check that it was for "Consulting Services." The check issued to Sire Development Group, LLC in the amount of $3,000 falsely stated in the memo section of the check that it was for "Consulting."

15. The checks issued by the Buyer's Agent's company and the Straw Party's Company were each drawn on accounts of a national bank and affected interstate commerce.

## COUNT 1

### Extortion Under Color of Official Right
### (18 U.S.C. § 1951)

1. The Background Allegations section of this Information are realleged and incorporated by reference as though fully set forth herein.

2. From in or about April 2019, and continuing through in or about September 2019, in Palm Beach County, in the Southern District of Florida and elsewhere, the defendant,

**DELVIN THOMAS,**

did knowingly obstruct, delay and affect interstate commerce by extortion and attempt to obstruct, delay and affect interstate commerce by extortion, in that defendant **THOMAS** unlawfully obtained property, which property was not due him or his office, and with consent wrongfully induced under color of official right, that is, approximately $9,400 in United States currency as a

50% share of a commission paid to the Buyer's Agent's company from the purchase of the Property by the RBHA, in violation of Title 18, United States Code, Section 1951.

## FORFEITURE ALLEGATIONS
## 18 U.S.C. § 981(a)(1)(C)

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which defendant, **DELVIN THOMAS**, has an interest.

2. Upon conviction of a violation 18 U.S.C. § 1951, as alleged in Count One of the Information, the defendant, **DELVIN THOMAS**, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. The property subject to forfeiture includes, but is not limited to:

    (a)    $9,400.00 in United States currency.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

*[signature]*
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

*[signature]*
JEFFREY KAPLAN
ASSISTANT U.S. ATTORNEY

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: _____

v.

DELVIN THOMAS,

_____/
Defendant.

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New Defendant(s) (Yes or No) _____
Number of New Defendants ____
Total number of New Counts ____

**Court Division** (select one)
- ☐ Miami   ☐ Key West   ☐ FTP
- ☐ FTL     ☒ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) **No**
   List language and/or dialect: **English**

4. This case will take **0** days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   ☒ 0 to 5 days
   - II  ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV  ☐ 21 to 60 days
   - V   ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) **No**
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) **No**

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) **No**

By: _____
Jeffrey N. Kaplan
Assistant United States Attorney
Court ID No.   A5500030

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** Delvin Thomas

**Case No:** _____

Counts #: 1

Extortion Under Color of Official Right, in violation of Title 18, United States Code, Section 1951

* Max. Term of Imprisonment: Twenty (20) years' Imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 3 years
* Max. Fine: $250,000

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>DELVIN THOMAS,<br><br>_Defendant_ | Case No. 22-80167-CR-MARRA/MCCABE |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.


Date: _____

_____
_Defendant's signature_

_____
_Signature of defendant's attorney_

_____
_Printed name of defendant's attorney_

_____
_Judge's signature_

United States Magistrate Judge
_Judge's printed name and title_