UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80167-Cr- Matra/McCabe

UNITED STATES OF AMERICA

v.

DELVIN THOMAS,

        Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Joshua Glaze (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the Information, which charges the defendant with Extortion Under Color of Official Right, in violation of Title 18, United States Code, Section 1951.

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and

1

understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of twenty years (20) years imprisonment, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing

2

recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion or this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to, committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office,

3

or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

8.  The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

4

9. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

Date: 12/15/22

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: _____
Jeffrey Kaplan
Assistant United States Attorney

Date: 8/21/22

By: _____
Patrick McKamey
Attorney for Defendant Thomas

Date: 8/17/22

By: _____
Delvin Thomas
Defendant

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80167-Cr-Marra/McCabe

UNITED STATES OF AMERICA

v.

DELVIN THOMAS,

        Defendant.
_____/

## Stipulated Statements of Fact

The United States of America and **DELVIN THOMAS** (hereinafter referred to as "THOMAS") enter into the following stipulated statements of fact in support of the defendant's plea of guilty:

Had this case proceeded to trial, the government would have presented evidence by way of testimony of witnesses, bank records, and other business records, statements to law enforcement, and other evidence, which would establish that, from in or about April 2019 and continuing through in or about September 2019, the defendant committed Extortion Under Color of Official Right, in violation of 18 U.S.C. § 1951, as charged in Count 1 of the Information.

## Background

During 2019 defendant **DELVIN THOMAS** was the chairman of the Riviera Beach Housing Authority (hereinafter referred to as "the RBHA") located in Riviera Beach, Florida. Defendant **THOMAS** was aware that, as a member of the RBHA, he was prohibited from receiving any compensation as a result of any property purchased by the RBHA. During 2019 defendant **THOMAS** was also the owner of a company named Sire Development Group, LLC.

In or about April 2019, the RBHA was looking to purchase a parcel of real estate located in Riviera Beach for future use as low-income rental property (hereinafter referred to as "the Property").

1

In or about April 2019, defendant **THOMAS** introduced a real estate broker (hereinafter referred to as "the Buyer's Agent") to the person at the RBHA who was responsible for purchasing the Property in order for the Buyer's Agent's company to be hired as the buyer's agent for any future purchase of the Property.

On or about April 19, 2019, the RHBA entered into a contract to purchase the Property and the Buyer's Agent's company was listed as the buyer's agent that was to receive a 3% commission from the purchase of the Property. After the contract was entered into to purchase the Property, defendant **THOMAS** contacted the Buyer's Agent and told the Buyer's Agent that he, defendant **THOMAS**, was to receive 50% of the commission paid to the Buyer's Agent's company for the purchase of the Property.

In August 2019, at the time of the closing on the purchase of the "Property," defendant **THOMAS** reminded the Buyer's Agent that he, defendant **THOMAS**, was to receive 50% of the commissions paid to the Buyer's Agent's company from the purchase of the Property. At the closing on the Property, the Buyer's Agent's company was paid a commission of $18,930.

In order to hide the unlawful payment of his 50% share, defendant **THOMAS** contacted a straw party (hereinafter referred to as "the Straw Party") who agreed to deposit two checks issued to the Straw Party's company into the bank account of the Straw Party's company and then issue checks from the Straw Party's company bank account to Sire Development Group, LLC.

In or about late August 2019, the Buyer's Agent issued two checks to the Straw Party's company in the amounts of $6,400 and $3,065, which represented 50% of the commission received by the Buyer's Agent's company. The check issued to the Straw Party's company in the amount of $6,400 falsely stated in the memo section of the check that it was for "Company Branding." The check issued to the Straw Party's company in the amount of $3,065 falsely stated in the memo section of the check that it was for "Marketing Services."

2

Shortly after the Straw Party deposited the checks, the Straw Party issued two checks to Sire Development Group, LLC in the amounts of $6,400 and $3,000. The check issued to Sire Development Group, LLC in the amount of $6,400 falsely stated in the memo section of the check that it was for "Consulting Services." The check issued to Sire Development Group, LLC in the amount of $3,000 falsely stated in the memo section of the check that it was for "Consulting."

The checks issued by the Buyer's Agent's company and the Straw Party's Company were each drawn on accounts of a national bank and affected interstate commerce.

This is some of the evidence the government would present if this matter were to proceed to trial. The above-described acts in Count 1 occurred from in or about April 2019 and continuing through in or about September 2019, in Palm Beach County in the Southern District of Florida and elsewhere.

Date: 12/15/22

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: _____
Jeffrey Kaplan
Assistant United States Attorney

I have read the Stipulated Statements of Fact set forth above. I believe that the above-stated facts set forth all the elements for the offense of Extortion Under Color of Official Right, in violation of 18 U.S.C. § 1951, as charged in Count 1 of the Information. I believe that all the facts set forth in the Stipulated Statements of Fact are true and correct.

Date: 12/14/22

_____
Dervin Thomas
Defendant

Date: 12/15/22

_____
Patrick McKamey, Esq.
Attorney for the Defendant

4